## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:   5:19-cv-01389 |
| | § | |
| MICHAEL H. THOMAS, MARGARITA | § | |
| THOMAS, UNITED BUILT HOMES LLC, | § | |
| GONZALES COUNTY TAX | § | |
| ASSESSOR-COLLECTOR, | § | |
| GUADALUPE COUNTY TAX | § | |
| ASSESSOR-COLLECTOR, | § | |
| ESTATE OF THOMAS S. BRYAN, | § | |
| ESTATE OF PEGGY L. HAILEY, | § | |
| ESTATE OF WALTER SCOTT VOGES, | § | |
| CONNIE Y. NANCE, KAREN L. COOLEY, | § | |
| BASIC ENERGY SERVICES LP, and | § | |
| RAILROAD COMMISSION OF TEXAS, | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by Michael H. Thomas and Margarita Thomas, and (2) to enforce the associated federal tax liens against certain real property belonging to them. For its complaint, the United States alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1.     Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the taxpayers reside in this district and the real property at issue is located in this district.

3.      Plaintiff is the United States of America.

4.      Defendant Michael H. Thomas (also known as Mike H. Thomas) is a taxpayer and resides in Nixon, Gonzales County, Texas, within the jurisdiction of this Court.   Defendant Michael H. Thomas was divorced from Margarita Thomas pursuant to an Agreed Final Decree of Divorce dated February 8, 2018, entered by the 25th Judicial District Court, Guadalupe County, Texas.

5.      Defendant Margarita Thomas is a taxpayer and resides in San Marcus, Guadalupe County, Texas, within the jurisdiction of this Court.   Defendant Margarita Thomas was divorced from Michael H. Thomas pursuant to an Agreed Final Decree of Divorce dated February 8, 2018, entered by the 25th Judicial District Court, Guadalupe County, Texas.

6.      Defendant United Built Homes, LLC (formerly known as United Bilt Homes, L.L.C.) is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Guadalupe County, Texas property upon which the United States seeks to enforce its liens. Defendant United Built Homes, LLC may be served by its registered agent, Registered Agent Solutions, Inc, 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

7.      Defendant Gonzales County, Texas Tax Assessor-Collector, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an ad valorem tax lien interest in the Gonzales County, Texas property upon which the United States seeks to enforce its liens.

8.      Defendant Guadalupe County, Texas Tax Assessor-Collector, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an ad valorem tax lien interest in the Guadalupe County, Texas property upon which the United States seeks to enforce its liens.

9.      Defendant Estate of Thomas S. Bryan, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Gonzales County, Texas property upon which the United States seeks to enforce its liens.   Defendant Estate of Thomas S. Bryan may be served by serving Shirley W. Bryan, Lake City, San Patricio County, Texas.

10.      Defendant Estate of Peggy L. Hailey, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Gonzales County, Texas property upon which the United States seeks to enforce its liens.   Defendant Estate of Peggy L. Hailey may be served by serving Ernest B. Hailey III, The Woodlands, Montgomery County, Texas.

11.      Defendant Estate of Walter Scott Voges is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Guadalupe County, Texas property upon which the United States seeks to enforce its liens.   Defendant Estate of Walter Scott Voges may be served by serving Connie Y. Nance, New Braunfels, Guadalupe County, Texas

12.      Defendant Connie Y. Nance is joined as a party as required by 26 U.S.C. § 7403(b) because she may claim an interest in the Guadalupe County, Texas property upon which the United States seeks to enforce its liens.   Defendant Connie Y. Nance may be served in New Braunfels, Guadalupe County, Texas.

13.      Defendant Karen L. Cooley is joined as a party as required by 26 U.S.C. § 7403(b) because she may claim an interest in the Gonzales County, Texas property upon which the United States seeks to enforce its liens.   Defendant Karen Cooley may be served in Houston, Harris County, Texas.

14.      Defendant Basic Energy Services, LP, is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the Gonzales County, Texas property upon which the United States seeks to enforce its liens.   Defendant Basic Energy Services, LP

may be served by its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

15.     Defendant, the Railroad Commission of Texas is an agency of the State of Texas, and is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the properties upon which the United States seeks to enforce its liens.   The Railroad Commission of Texas may be served by service on the agency at its offices in Travis County, Texas, William B. Travis State Office Building, 1701 North Congress Avenue, Austin, Texas 78701.

### THE SUBJECT PROPERTIES

16.     The title of the first parcel of real property upon which the United States seeks to enforce its federal tax liens is owned or held, pursuant to an Agreed Final Decree of Divorce dated February 8, 2018, entered by the 25th Judicial District Court, Guadalupe County, Texas, in the names of:   (i) Michael H. Thomas, an undivided one-half interest in the real property; and (ii) Margarita Thomas, an undivided one-half interest in the real property, and consists of the land, minerals (including two oil & gas wells, Moore #1 and Moore #2), along with all improvements, buildings, and appurtenances thereon, now known as and numbered 1702 County Road 116, Nixon, Gonzales County, Texas 78140 (the "Gonzales Property").   The legal description of the Gonzales Property is as follows:

> Property ID: 20383; DAVID O. WARREN LEAGUE AND LABOR Survey, Abstract No. 467; 1.000 Acre; Recorded in the Gonzalez County Deed Records, Vol. 765, Page 286; Deed Date March 27, 1996.

> Property ID: 10197; DAVID O. WARREN LEAGUE AND LABOR Survey, Abstract No. 467; 74.553 Acre; Recorded in the Gonzalez County Deed Records, Vol. 765, Page 286; Deed Date March 27, 1996.

17.     The title of the second parcel of real property upon which the United States seeks to enforce its federal tax liens is owned or held, pursuant to an Agreed Final Decree of Divorce

dated February 8, 2018, entered by the 25th Judicial District Court, Guadalupe County, Texas, in

the names of:   (i) Michael H. Thomas, an undivided one-half interest in the real property; and

(ii) Margarita Thomas, an undivided one-half interest in the real property, and consists of the

land, along with all improvements, buildings, and appurtenances thereon, and one-half of all

minerals, and now known as and numbered 5348 Dreibrodt Road, San Marcus, Guadalupe

County, Texas 78666 (the "Guadalupe Property").   The legal description of the Guadalupe

Property is as follows:

> Property ID: 116832; J. T. MURPHY Survey; Abstract No. 233; 1.000 Acre;
> Recorded in the Guadalupe County Deed Records Vol. 4218, Page 0510, Deed # 14-
> 006961; along with any and all out-buildings (including contents of said out-
> buildings) and improvements;
>
> Property ID: 66080; JAMES W. KELLER Survey; Abstract No. 201; 12.6810 Acres;
> Recorded in the Guadalupe County Deed Records; along with any and all out-
> buildings (including contents of said out-buildings) and improvements; and
>
> Property ID: 68016; J. T. MURPHY Survey; Abstract No. 233; 27.9230 Acres;
> Recorded in the Guadalupe County Deed Records; along with any and all out-
> buildings (including contents of said out buildings) and improvements.

18.     A one-third property interest in any and all minerals, oil and gas royalties

pertaining to Lease # 13291, dated August 29, 1994, recorded in Volume 748, Page 205 Official

Records of Gonzalez County, Texas (the "201.471 Mineral Property") upon which the United

States seeks to enforce its federal tax liens, which one-third interest in the 201.471 Mineral

Property is owned or held as follows pursuant to that Agreed Final Decree of Divorce dated

February 8, 2018, entered by the 25th Judicial District Court, Guadalupe County, Texas:

Margarita Thomas- an undivided one-half interest in the 201.471 Mineral Property; and Michael

H. Thomas- an undivided one-half interest in the 201.471 Mineral Property.   The co-owners of

the 201.471 Mineral Property are: (i) the Estate of Thomas S. Bryan, his heirs and assigns; and

(2) the Estate of Peggy L. Hailey, her heirs and assigns.   The legal description of the 201.471

Mineral Property is as follows:

> Minerals in and under tract of 201.471 acres of land, out of the David O, Warren League and Labor Survey, Abstract No. 467; Gonzales County, Texas.

19.     A two per cent (2%) overriding royalty interest in 160 acres (consisting of 80 acres around the Moore Well #1 and 80 acres around the Moore Well #2) being a part of the David O. Warren League and Labor Survey, Abstract No. 467, Gonzales County, Texas, transferred by Tex Cal Oil Co., Inc. to Michael H. Thomas and Margarita Thomas on or about February 8, 2001, and recorded in Volume 844, Page 981, Gonzales County, Texas Official Records (the "160 Acre 2% ORRI"), of all the oil, gas, casing head gas and other vaporous or gaseous substances produced from land set out in the oil and gas leases as described in a Ratification of Oil and Gas Lease dated July 1, 2000, executed by Thomas S. Bryan, et al. to Tex Cal Oil Company, and recorded in Volume 837, Page 118, Gonzales County, Texas Official Records, upon which the United States seeks to enforce its federal tax liens.

20.     A two per cent (2%) overriding royalty interest in 177.655 acres out of the John Pevyhouse 212 Acre Survey, Abstract No. 392, and out of the Juan Jose Tejada League and Labor Survey, Abstract No. 4448, situated in Gonzales and Wilson Counties, Texas, transferred by Tex Cal Oil Co., Inc. to Michael H. Thomas and Margarita Thomas on or about May 18, 2001, and recorded in Volume 849, Page 189, Gonzales County, Texas Official Records (the "177 Acre 2% ORRI"), of all the oil, gas, casing head gas and other vaporous or gaseous substances produced from land set out in the oil and gas leases as described in an oil and gas lease dated November 1, 2000, recorded in Volume 841, Page 750 of the Gonzales County, Texas Official Records and in Volume 1048, Page 839 of the Wilson County, Texas Official Records, upon which the United States seeks to enforce its federal tax liens.

## COUNT I

**Judgment against Michael H. Thomas for Income Tax Liabilities**

21.     On the following dates, a delegate of the Secretary of the Treasury made

assessments against Michael H. Thomas for federal income taxes and penalties for tax periods

2005 through 2011, and in the following amounts, which have balances due with accruals and

costs as of October 31, 2019, as set forth in the following table.   The assessments for tax periods

2005 through 2011 against Michael H. Thomas are pursuant to a United States Tax Court

decision entered April 27, 2016.   (*See* attached Exhibit A).

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due @ 10/31/2019 |
|---|---|---|---|---|
| 12/31/2005 | 06/20/2016 | Tax | $1,072.00 | $2,860.81 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $268.00 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $241.20 | |
| 12/31/2006 | 06/20/2016 | Tax | $2,129.00 | $5,089.39 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $530.50 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $477.45 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $100.40 | |
| 12/31/2007 | 06/20/2016 | Tax | $21,234.00 | $47,969.13 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $5,306.75 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $4,776.08 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $966.10 | |
| 12/31/2008 | 06/20/2016 | Tax | $20,739.00 | $44,452.06 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $5,184.75 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $4,666.28 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $666.50 | |
| 12/31/2009 | 06/20/2016 | Tax | $12,899.00 | $25,781.83 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $3,124.75 | |

| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $2,812.28 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $299.23 | |
| 12/31/2010 | 06/20/2016 | Tax | $18,876.00 | $36,870.71 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $4,619.00 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $4,157.10 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $396.22 | |
| 12/31/2011 | 06/20/2016 | Tax | $19,825.00 | $38,475.43 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $3,305.73 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $4,460.63 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $392.49 | |

22.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Michael H. Thomas and Margarita Thomas for federal income taxes and penalties for tax periods 2013 through 2015, and in the following amounts, which have balances due with accruals and costs as of October 31, 2019, as set forth in the following table.   The assessments are from self-reported joint income tax returns (Forms 1040) filed by Michael H. Thomas and Margarita Thomas.

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due @ 10/31/2019 |
|---|---|---|---|---|
| 12/31/2013 | 11/24/2014 | Tax | $66,973.00 | $91,841.84 |
| | 11/24/2014 | Late Payment of Tax Penalty § 6651(a)(2) | $2,675.68 | |
| | 05/22/2017 | Additional Tax | $37,354.00 | |
| | 05/22/2017 | Late Payment of Tax Penalty § 6651(a)(2) | $3,293.63 | |
| | 05/22/2017 | Understatement of Tax Penalty | $7,470.80 | |
| 12/31/2014 | 11/23/2015 | Tax | $243,584.00 | $359,212.32 |
| | 11/23/2015 | Late Payment of Tax Penalty § 6651(a)(2) | $9,723.36 | |
| | 11/23/2015 | Estimated Tax Penalty § 6654 | $1,469.00 | |

| 12/31/2015 | 11/21/2016 | Tax | $1,488.00 | $2,267.92 |
| | 11/21/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $59.48 | |
| | 11/21/2016 | Estimated Tax Penalty § 6654 | $27.00 | |

23.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Michael H. Thomas for federal income taxes and penalties for tax periods 2016 and 2017, and in the following amounts, which have balances due with accruals and costs as of October 31, 2019, as set forth in the following table.   The assessments are from self-reported income tax returns (Form 1040) filed by Michael H. Thomas.

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due @ 10/31/2019 |
|---|---|---|---|---|
| 12/31/2016 | 11/20/2017 | Tax | $2,149.00 | $2,966.80 |
| | 11/20/2017 | Late Payment of Tax Penalty § 6651(a)(2) | $82.28 | |
| | 11/20/2017 | Estimated Tax Penalty § 6654 | $50.00 | |
| 12/31/2017 | 02/25/2019 | Tax | $3,205.00 | $879.23 |
| | 02/25/2019 | Late Payment of Tax Penalty § 6651(a)(2) | $39.71 | |

24.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to Michael H. Thomas.   After the application of statutory interest, penalties, other additions, abatements, payments, and credits, the income tax liabilities described above had a $658,667.47 unpaid balance due of as of October 31, 2019.

25.     Despite notice and demand for payment, Michael H. Thomas has failed, neglected, or refused to fully pay the income tax liabilities described above.

26.     This action has been commenced within the applicable statute of limitations, 26 U.S.C. § 6502.   Nonetheless, on September 11, 2014, Michael H. Thomas and Margarita Thomas filed a petition in the United States Tax Court regarding their income tax liabilities for tax years 2005 through 2011 (see Tax Court docket no. 21603-14), and a stipulated decision was

entered on April 27, 2016.   On June 21, 2018, Michael H. Thomas and Margarita Thomas filed

a petition in the United States Tax Court regarding their 2013 income tax liability and a CDP

determination (see Tax Court docket no. 12398-18); however, the case was dismissed on

September 24, 2018 for lack of jurisdiction.   Michael H. Thomas also filed a chapter 7

bankruptcy case on April 5, 2017, in the Western District of Texas (Case No. 17-50822-cag),

which was dismissed by the bankruptcy court on May 17, 2017.   Michael H. Thomas did not

receive a discharge in his chapter 7 bankruptcy case and his income tax liabilities are not

discharged.

27.      Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that

Michael H. Thomas is liable to the United States for the income tax liabilities in the amount of

$658,667.47 as of October 31, 2019, plus prejudgment and post judgment interest thereon at the

rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT II

### Judgment against Margarita Thomas for Income Tax Liabilities

28.      On the following dates, a delegate of the Secretary of the Treasury made

assessments against Margarita Thomas for federal income taxes and penalties for tax periods

2007 through 2011, and in the following amounts, which have balances due with accruals and

costs as of October 31, 2019, as set forth in the following table.   The assessments for tax periods

2007 through 2011 against Margarita Thomas are pursuant to a United States Tax Court decision

entered April 27, 2016.   (See attached Exhibit A).

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due @ 10/31/2019 |
|---|---|---|---|---|
| 12/31/2007 | 06/20/2016 | Tax | $9,755.00 | $11,166.77 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $2,437.00 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $2,193.30 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $443.66 | |
| 12/31/2008 | 06/20/2016 | Tax | $8,838.00 | $18,928.90 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $2,209.50 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $1,988.55 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $284.01 | |
| 12/31/2009 | 06/20/2016 | Tax | $4,116.00 | $8,368.61 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $1,029.00 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $926.10 | |
| 12/31/2010 | 06/20/2016 | Tax | $7,350.00 | $14,656.40 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $1,837.50 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $1,653.75 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $157.60 | |
| 12/31/2011 | 06/20/2016 | Tax | $9,344.00 | $18,132.15 |
| | 06/20/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $2,336.00 | |
| | 06/20/2016 | Late Filing of Tax Return Penalty § 6651(a)(1) | $2,102.40 | |
| | 06/20/2016 | Estimated Tax Penalty § 6654 | $185.02 | |

29.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Margarita Thomas for federal income taxes and penalties for tax periods 2013 through 2015, and in the following amounts, which have balances due with accruals and costs as of October 31, 2019, as set forth in the following table.   The assessments are from self-reported joint income tax returns (Forms 1040) filed by Michael H. Thomas and Margarita Thomas.   Should the United States collect the income tax liabilities for 2013 through 2015 from

Michael H. Thomas, the United States will not seek collection of the 2013 through 2015 income tax liabilities from Margarita Thomas.

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due @ 10/31/2019 |
|---|---|---|---|---|
| 12/31/2013 | 11/24/2014 | Tax | $66,973.00 | $91,741.35 |
|  | 11/24/2014 | Late Payment of Tax Penalty § 6651(a)(2) | $2,675.68 |  |
|  | 05/22/2017 | Additional Tax | $37,354.00 |  |
|  | 05/22/2017 | Late Payment of Tax Penalty § 6651(a)(2) | $3,293.63 |  |
|  | 05/22/2017 | Understatement of Tax Penalty | $7,470.80 |  |
| 12/31/2014 | 11/23/2015 | Tax | $243,584.00 | $359,212.32 |
|  | 11/23/2015 | Late Payment of Tax Penalty § 6651(a)(2) | $9,723.36 |  |
|  | 11/23/2015 | Estimated Tax Penalty § 6654 | $1,469.00 |  |
| 12/31/2015 | 11/21/2016 | Tax | $1,488.00 | $2,267.92 |
|  | 11/21/2016 | Late Payment of Tax Penalty § 6651(a)(2) | $59.48 |  |
|  | 11/21/2016 | Estimated Tax Penalty § 6654 | $27.00 |  |

30.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to Margarita Thomas.   After the application of statutory interest, penalties, other additions, abatements, payments, and credits, the income tax liabilities described above had a $524,474.42 unpaid balance due of as of October 31, 2019.

31.     Despite notice and demand for payment, Margarita Thomas has failed, neglected, or refused to fully pay the income tax liabilities described above.

32.     This action has been commenced within the applicable statute of limitations, 26 U.S.C. § 6502.   Nonetheless, on September 11, 2014, Michael H. Thomas and Margarita Thomas filed a petition in the United States Tax Court regarding their income tax liabilities for tax years 2005 through 2011 (see Tax Court docket no. 21603-14), and a stipulated decision was entered on April 27, 2016.   On June 21, 2018, Michael H. Thomas and Margarita Thomas filed

a petition in the United States Tax Court regarding their 2013 income tax liability and a CDP determination (see Tax Court docket no. 12398-18); however, the case was dismissed on September 24, 2018 for lack of jurisdiction.

33.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Margarita Thomas is liable to the United States for the income tax liabilities in the amount of $524,474.42 as of October 31, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT III

### Enforcement of Federal Tax Liens

34.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Michael H. Thomas and/or Margarita Thomas to pay the tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to Michael H. Thomas and/or Margarita Thomas, including the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI.

35.     Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) against Defendant Michael H. Thomas (a/k/a Mike H. Thomas) individually, and against Defendants Michael H. Thomas and Margarita Thomas jointly with the County Recorders of Gonzales County, Texas and Guadalupe County, Texas in regard to the tax liabilities described herein, on the following dates, as set forth in the following table:

| Type of Tax | Tax Periods Ending | Date NFTL Filed | County NFTL Filed |
|---|---|---|---|
| Income | 12/31/2005; 12/31/2006; 12/31/2007; 12/31/2008; 12/31/2009; 12/31/2010; 12/31/2011 | 07/25/2016^ | Gonzales |
| Income | 12/31/2005; 12/31/2006; 12/31/2007; 12/31/2008; 12/31/2009; 12/31/2010; 12/31/2011; 12/31/2015 | 06/25/2018^ | Guadalupe |
| Income | 12/31/2013; 12/31/2014 | 04/18/2016* | Gonzales |
| Income | 12/31/2013; 12/31/2014 | 04/18/2016* | Guadalupe |
| Income | 12/31/2013; 12/31/2016 | 07/16/2018^ | Gonzales |
| Income | 12/31/2013; 12/31/2016 | 07/16/2018^ | Guadalupe |
| Income | 12/31/2015 | 02/01/2017* | Gonzales |

^ NFTL filed against Michael H. Thomas individually.

* NFTL filed against Michael H. Thomas and Margarita Thomas.

36.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI, and have them sold in a judicial sale or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed as follows:   First, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI; Second, to defendants Gonzales County, Texas and Guadalupe County, Texas to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); Third, to the United States to pay the tax liabilities described above; and, Fourth, to the other parties in accordance with the law or, as otherwise determined by the Court in accordance with the law.

# **PRAYER**

WHEREFORE, the United States of America prays for a judgment determining:

A.      That Michael H. Thomas is liable to the United States for the income tax liabilities for tax periods 2005 through 2011, and 2013 through 2017 in the amount of $658,667.47 as of October 31, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B.      That Margarita Thomas is liable and indebted to the United States for income tax liabilities for tax periods 2007 through 2011, an 2013 through 2015 in the amount of $524,474.42 as of October 31, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C.      That the federal tax liens securing the liabilities described in this complaint shall be enforced against the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI by ordering the sale of the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed as follows:   First, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Gonzales Property, the Guadalupe Property, the 201.471 Mineral Property, the 160 Acre 2% ORRI, and the 177 Acre 2% ORRI; Second, to the defendant Gonzales County, Texas and Guadalupe County, Texas to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); Third, to the plaintiff United States of America to pay the liabilities set forth above; and, Fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law; and

D.      That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Dated:   November 27, 2019.                    Respectfully submitted,

                                               RICHARD E. ZUCKERMAN
                                               Principal Deputy Assistant Attorney General

                                       By: /s/ David G. Adams
                                               DAVID G. ADAMS
                                               State Bar No. 00793227
                                               Trial Attorney, Tax Division
                                               U.S. Department of Justice
                                               717 N. Harwood St., Suite 400
                                               Dallas, Texas 75201
                                               Phone: (214) 880-9737
                                               Fax: (214) 880-9741
                                               david.g.adams@usdoj.gov
                                               ATTORNEY FOR THE UNITED STATES

J.B. - Pugh

# ORIGINAL

## UNITED STATES TAX COURT

MICHAEL H. THOMAS &                   )
MARGARITA THOMAS,                     )
                                      )
                   Petitioners,       )
                                      )
              v.                      )   Docket No.   21603-14
                                      )
COMMISSIONER OF INTERNAL REVENUE,     )
                                      )
                   Respondent.        )

### DECISION

Pursuant to the agreement of the parties in this case, it is

ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioner Michael H. Thomas for the taxable years 2005, 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $1,072.00, $2,129.00, $21,234.00, $20,739.00, $12,499.00, $18,476.00, and $19,825.00, respectively;

That there are additions to tax due from petitioner Michael H. Thomas pursuant to I.R.C. § 6651(a)(1) for the taxable years 2005, 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $241.20, $477.45, $4,776.08, $4,666.28, $2,812.28, $4,157.10, and $4,460.63, respectively;

That there are additions to tax due from petitioner Michael H. Thomas pursuant to I.R.C. § 6651(a)(2) for the taxable years 2005, 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $268.00, $530.50, $5,306.75, $5,184.75, $3,124.75, $4,619.00, and an amount which cannot be computed at this time, as the period for which the addition to tax is calculated continues to run, respectively;

That there is no addition to tax due from petitioner Michael H. Thomas pursuant to I.R.C. § 6654 for the taxable year 2005;

That there are additions to tax due from petitioner Michael H. Thomas pursuant to I.R.C. § 6654 for the taxable years 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $100.40, $966.10, $666.50, $299.23, $396.22, and $392.49, respectively;

SERVED APR 27 2016

Government
Exhibit

A

Docket No. 21603-14          - 2 -

That there is no deficiency in income tax due from, nor overpayment due to, petitioner Margarita Thomas for the taxable year 2005;

That there are deficiencies in income tax due from petitioner Margarita Thomas for the taxable years 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $588.00, $9,755.00, $8,838.00, $4,116.00, $7,350.00, and $9,344.00, respectively;

That there is no addition to tax due from petitioner Margarita Thomas pursuant to I.R.C. § 6651(a)(1) for the taxable year 2005;

That there are additions to tax due from petitioner Margarita Thomas pursuant to I.R.C. § 6651(a)(1) for the taxable years 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $130.73, $2,193.30, $1,988.55, $926.10, $1,653.75, and $2,102.40, respectively;

That there is no addition to tax due from petitioner Margarita Thomas pursuant to I.R.C. § 6651(a)(2) for the taxable year 2005;

That there are additions to tax due from petitioner Margarita Thomas pursuant to I.R.C. § 6651(a)(2) for the taxable years 2006, 2007, 2008, 2009, 2010, and 2011 in the amounts of $145.25, $2,437.00, $2,209.50, $1,029.00, $1,837.50, and an amount which cannot be computed at this time, as the period for which the addition to tax is calculated continues to run, respectively;

That there is no addition to tax due from petitioner Margarita Thomas pursuant to I.R.C. § 6654 for the taxable year 2009; and

Docket No. 21603-14            - 3 -

     That there are additions to tax due from petitioner
Margarita Thomas pursuant to I.R.C. § 6654 for the taxable years
2007, 2008, 2010, and 2011 in the amounts of $443.66, $284.01,
$157.60, and $185.02, respectively.


                         **(Signed) Cary Douglas Pugh**
                                   **Judge**

Entered: **APR 2 7 2016**

              *       *       *       *       *



     It is hereby stipulated that the Court may enter the
foregoing decision in this case.

     It is further stipulated that petitioners have both elected
married filing separate filing status, and therefore their
deficiencies and additions to tax listed above are their own
liabilities, and are not joint liabilities.

     It is further stipulated that interest will be assessed as
provided by law on the deficiencies and additions to tax due
from petitioners.

Docket No. 21603-14          - 4 -

        It is further stipulated that, effective upon the entry of
this decision by the Court, petitioners waive the restrictions
contained in I.R.C. § 6213(a) prohibiting assessment and
collection of the deficiencies and additions to tax (plus
statutory interest) until the decision of the Tax Court becomes
final.

                              WILLIAM J. WILKINS
                              Chief Counsel
                              Internal Revenue Service


JOE ALFRED IZEN, JR.              By: PAUL C. FEINBERG
Tax Court Bar No. IJ0063          Associate Area Counsel
Petitioner                        (Small Business/Self-
5222 Spruce Street                Employed)
Bellaire, TX 77401                Tax Court Bar No. FP0022
Telephone: (713) 668-8815         Alliance Tower
                                  8701 S. Gessner Road
                                  Suite 710
                                  Houston, TX 77074-2944
                                  Telephone: (281) 721-7325


Date: 4/15 2016                   Date: APR 2 2 2016

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____